IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **THE AMERICAN INSTITUTE FOR CHARTERED PROPERTY CASUALTY UNDERWRITERS, doing business as "THE INSTITUTES" and SEAN KEVELIGHAN,**<br>　　　　　　　　**Petitioners,**<br><br>　　　　v.<br><br>**MICHAEL BARRY,**<br>　　　　　　　　**Respondent.** | **MISCELLANEOUS ACTION**<br><br><br><br>**NO.  25-mc-2** |

## O R D E R

**AND NOW**, this 7th day of April, 2025, upon consideration of Petitioners' Motion to Compel Arbitration (ECF No. 1), and the Court noting Respondent's failure to substantively respond to the Motion (*See* ECF No. 5, Respondent's letter merely requesting the Court deny the Motion to Compel Arbitration), **IT IS ORDERED** that the Motion is **GRANTED**.[1]

---

[1] Under this Court's Local Rules, Respondent's failure to substantively respond to Petitioners' motion constitutes an uncontested motion, and the Court could grant the motion only on those grounds. *See* Loc. R. Civ. P. 7.1(c). However, the Court will briefly address its substantive reasons for granting the motion as well.

　　Respondent Michael Barry was employed by Petitioner The American Institutes for Chartered Property Casualty Underwriters d/b/a The Institutes ("The Institutes"), as Senior Vice President, Media Relations and Public Affairs, from November 2020 until March 2024, when Barry was terminated due to the elimination of his position. (ECF No. 1 ¶¶ 1-2.) The Institutes is a non-profit organization organized under the laws of Pennsylvania, with its principal place of business in Malvern, Pennsylvania. (*Id.* ¶ 8.) On November 16, 2020, Barry executed and returned by email an Agreement of Employment ("the Agreement"), agreeing to be bound by its terms. (*Id.* ¶ 16; ECF No. 1-1 at 2-15.) Among the terms in the Agreement was a provision entitled Arbitration ("the Arbitration Provision"), which stated in part:

　　"Except to the extent prohibited by applicable law, all claims, disputes, and controversies arising out of or relating to this Agreement or the performance, breach, validity, interpretation, application or enforcement hereof, including any claims for equitable relief or claims based on contract, tort, statute, or any alleged breach, default, or misrepresentation in connection with any of the provisions hereof, will be resolved by confidential binding arbitration. Provided, however, any aggrieved party may petition a federal or state court of competent jurisdiction for interim injunctive or other equitable relief to preserve the status quo until arbitration can be completed in

---

the event of an alleged breach of Sections 8, 9, 10 or 11 of this Agreement. A party may initiate arbitration by sending written notice of its intention to arbitrate to the other party and to the American Arbitration Association ("AAA") office located in Philadelphia." (ECF No. 1 ¶ 17, ECF No. 1-1 § 28.)

On March 6, 2024, Respondent's position at The Institutes was terminated. (ECF No. 1 ¶ 18.) On August 27, 2024 Respondent initiated a civil action in the Supreme Court for the State of New York, asserting a claim of discriminatory retaliation against Petitioners under the New York State Human Rights Law ("the New York Action"). (*Id* ¶¶ 19-20.) Petitioners removed the case to federal court, where it was before Judge Engelmayer of the United States District Court for the Southern District of New York. (*See* ECF No. 1-2; S.D.N.Y. Civil Action No. 24-9605.) Petitioners argue that Barry's claims in the New York Action fall "under the broad scope of the Arbitration Provision [in the Agreement] because that provision applies to 'all claims, disputes, and controversies arising out of or relating to this Agreement or the performance, breach, validity, interpretation, application or enforcement hereof.'" (ECF No. 1 ¶ 21, citing the Agreement, ECF No. 1-1 at § 28.) Petitioners further claim that Barry violated the Agreement by filing the New York Action, and that they intended to seek a stay, dismissal, or change of venue of the New York Action to allow this Court to rule on the Motion to Compel Arbitration. (ECF No. 1 ¶ 25-27.)

As an initial matter, the Court believes that the pending lawsuit in New York has no bearing on this Court's jurisdiction to decide this motion. *See Bd. of Trs. of the Agma Health Fund v. Aetna Life Ins. Co*., 2024 U.S. Dist. LEXIS 216310 at *4 (holding that the first-filed rule did not apply where a second-filed motion to compel arbitration and a first-filed action were pending in different districts, despite stemming from the same dispute). Furthermore, on March 28, 2025, Barry's attorney in the New York Action submitted a letter to Judge Engelmayer stating that "Plaintiff has amended the Complaint . . . and has added a necessary party. As a result of the amendments, there is no longer complete diversity in this action. Therefore, this Honorable Court no longer has subject matter jurisdiction . . . . Plaintiff respectfully withdraws this civil action *without prejudice.*" (*See* S.D.N.Y Civil Action No. 24-9605, ECF No. 21.)

The Federal Arbitration Act ("FAA") "reflects the fundamental principle that arbitration is a matter of contract" and "requires courts to enforce [arbitration agreements] according to their terms." *Rent-A-Center, W., Inc. v. Jackson*, 561 U.S. 63, 67 (2010); *Henry Schein, Inc. v. Archer & White Sales, Inc*., 139 S. Ct. 524, 529 (2019). "The FAA establishes a strong federal policy in favor of compelling arbitration over litigation." *MZM Constr. Co. v. N.J. Building Laborers Statewide Benefit Funds*, 974 F.3d 386, 396 (3d Cir. 2020). When one party refuses to arbitrate pursuant to a written arbitration provision, another party may petition "the court for an order directing that such arbitration proceed in the manner provided for in [the] agreement." 9 U.S.C. § 4.

In this case, Barry has not raised any argument that the Arbitration Provision in the Employment Agreement is not valid. Thus, the question before this Court is merely whether Barry's claims in the New York Action fall within the scope of the Arbitration Provision. The answer to that question is yes. The language in the Arbitration Provision is broad, encompassing "*all* claims, disputes, and controversies arising out of or relating to this Agreement." (CITE (emphasis added).) The Arbitration Provision contains no carveouts for specific types of claims, and claims of discrimination are regularly encompassed in arbitration provisions. *See, e.g.*, *Gilmer v. Interstate/Johnson Lane Corp*., 500 U.S. 20, 29 (1991).

2

BY THE COURT:

/s/ Hon. Kelley B. Hodge

_____
    HODGE, KELLEY B., J.

---

Because the Arbitration Provision was not argued as being invalid, this Court accepts that it is valid and Barry's claims fall within the scope of the Provision. Thus, the Motion to Compel Arbitration is granted. Should Respondent wish to move forward with his claims, he shall participate in arbitration proceedings pursuant to the language of the Arbitration Provision.